Dean T. Kirby, Jr.    (SBN 090114)
Roberta S. Robinson (SBN 99035)
**KIRBY & McGUINN, A P.C.**
707 Broadway, Suite 1750
San Diego, California 92101
Telephone:  (619) 398-3358
Facsimile:   (619) 398-3359

Attorneys for Trustee, Leonard J. Ackerman

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HYPERIKON, INC.<br><br>                Debtor | Bankruptcy Case No. 21-01776-LT-7<br><br>**OPPOSITION TO EMERGENCY MOTION**<br><br>TRUSTEE, LEONARD J. ACKERMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SREIT 4820 INDIANAPOLIS DRIVE, LLC'S EMERGENCY MOTION FOR UNDER SECTION 365 OF THE BANKRUPTCY CODE<br><br>Date: May 27, 2021<br>Time: 2:00pm<br>Dept.: 3<br>Judge: Taylor |

Leonard J. Ackerman, Trustee, hereby files the following Memorandum of Points and Authorities in Opposition to SREIT 4820 Indianapolis Drive, LLC's, (Movant's) motion for emergency relief under Section 365:

---

Trustee's Opp. To Creditor's Emergency Mtn. Under Section 365(d)(3)
Bankruptcy Case No. 21-01776-LT-7

I. INTRODUCTION

The Movant's motion is meritless, is not supported by evidence in many critical respects and consitutes a blatant abuse of the emergency motion procedures. Accordingly, not only should the motion be denied, the Trustee should be awarded sanctions under Bankruptcy Local Rule 9013-9, in an amount to be proven up a later date, by motion.

II. MOVANT HAS WHOLLY AND COMPLETELY FAILED TO ESTABLISH ANY EMERGENCY

There is no emergency here, and the Movant not only has failed to establish any emergency, it has presented as "fact", without evidence, things that are simply untrue and that were known, or should have been known, to Movant, very readily.

Movant devotes just 7 lines to describing the "emergency" which, in total, amounts to the simple assertion that rent from the subtenant is due June 1, 2021. (Doc. 18, ¶ 37). That is it. That is the emergency. The petition was filed April 30, 2021. Movant has offered no evidence that that the Trustee has received any rent from the subtenant for the May 1st subrent. In fact, The Trustee did not receive the May rent from the subtenant, as it was apparently paid to the Debtor, early and pre-petition.  [See, Ackerman Dec., filed concurrently herewith, filed in Opposition to Movant's Emergency Motion under Section 365,  ¶ 3(h)]. The Trustee has not yet been able to trace funds to see if the rent was among the funds turned over to him by the Debtor's bank. [Ackerman Dec. ¶ 3(h)], but he certainly did not receive

Trustee's Opp. To Creditor's Emergency Mtn. Under Section 365(d)(3)
Bankruptcy Case No. 21-01776-LT-7

any post-petition rent from the subtenant. The Debtor listed no secured creditors on its schedules, but Trustee's counsel has located several UCC Financing Statements, including one in favor of the US Small Business Administration. [Ackerman Dec. ¶ 3(g)], . The Debtor listed the US Small Business Adminstration on its schedules as a disputed general unsecured creditor in an amount in excess of $400,000.). The Trustee is in the process of determining if the financing statement is valid and, if valid, if it reaches any of the funds that the Trustee presently holds.

Counsel for the subtenant has informed the Trustee that he has instructed his client to reserve the sublease rent due June 1, 2021 and all subsequent rents, until the issues over the lease and sublease are resolved. [Ackerman Dec. ¶ 3(j)].

Trustee also is informed and believes that counsel for the Movant has been in contact with counsel for the subtenant. There is simply no emergency here. Even if the Trustee were receiving rent from the subtenant, there would still simply be no emergency. There is no allegation that the Trustee would dissipate those rentals. Even if, in fact, sublease rent were being paid to the Trustee, Movant has cited no authority or case law, showing that such circumstances would give rise to an "emergency" motion for performance by the Trustee under Section 365 or for adequate protection.

III.   THE MOTION, SUBSTANTIVELY, IS WITHOUT MERIT

The motion is without merit for a number of reasons.

Section 365 (d)(3) provides, as follows:

> "(3)The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. *The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period.* This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title."

(emphasis added).

The only two obligations in dispute within this 60 day period are the May rent, which was due the day immediately following the filing of the petition, and the June rent, which is due shortly. The Trustee submits that good cause exists to grant the Trustee the permissable 60 day extension to June 29, 2021. The Trustee could not possibly pay rent the day after the petition was filed. Even if he did have funds on hand- and he had none- he would need time to review to obtain and reivew the lease and determine if any monies were owing. The June rent is not yet due, but the subtenant has indicated it intends to reserve that rent.

As noted in the Trustee's declaration, his counsel has discovered a UCC-1 Financing Statement in favor of the US SBA which may cover the funds the Trustee has on hand. Under all of the circumstances, good cause exists to grant the Trustee until June 29, 2021 to perform under Section 365(d)(3), even if an emergency motion were otherwise warranted.

---

Trustee's Opp. To Creditor's Emergency Mtn. Under Section 365(d)(3)
Bankruptcy Case No. 21-01776-LT-7

The Trustee submits that issues as to late fees, interest and attorneys fees are not properly handled on emergency basis, and should be the subject of a separate, fully developed motion at a later date.

IV. AS TO THE REQUEST FOR ADEQUATE PROTECTION, THE MOTION IS WITHOUT MERIT BECAUSE THE MOVANT IS ALREADY ADEQUATE PROTECTED

The Movant's request for adequate protection is not warranted. The Trustee has not received rents from the Subtenant and the Subtenant indicates it will reserve future subrents. The Trustee would be happy to provide Movant with information as to the reserve when it is established. Accordingly, adequate protection is already provided by the Subtenant's willingess to reserve all future rent payments and by Movant's apparent retention of the the Debtor's security deposit in the amount of $47,073.59 (Doc. 1, p. 9).

Finally, the Trustee notes, in passing, that the Movant's two emergency motions seem to contradict one another. On the one hand, the instant motion asserts that "[t]here is no disupte that the lease is unexpired." (Doc. 18, ¶ 24, l. 14). On the other hand, the relief from stay motion asserts that the lease was terminated. (Doc.19-1, ¶ 18). Both assertions cannot be correct. The Trustee does not believe the lease was terminated. Some of the factual inaccuracies and evidentiary concerns in Movant's instant motion are highlighted in these papers. Some of the factual inaccuracies in the relief from stay motion are highlighted in the Trustee's response to that motion, filed concurrently herewith.

Trustee's Opp. To Creditor's Emergency Mtn. Under Section 365(d)(3)
Bankruptcy Case No. 21-01776-LT-7

In the interests of judicial economy, the Trustee'opposition to each of Movant's emergency motion are incorporated in the other opposition by reference.

V. TRUSTEE IS ENTITLED TO SANCTIONS AGAINST MOVANT UNDER LOCAL BANKRUPTCY RULE 9013-9

The Trustee is entitled to sanctions from Movant under Bankruptcy Local 9013-9. Bankruptcy Local Rule 9013-9(i) is entitled "Emergency Motions" and subsecion (i) provides, in full, as follows:

> "(i) Sanctions: If sanctions are appropriate based on improper use of the emergency motion procedure, sanctions may be awarded regardless of the ultimate determination of the merits if later heard as a fully noticed matter."

For all the reasons cited in Section II, above, sanctions should be awarded to the Trustee, to be determined by motion or declaration at a later date. Trustee suspects that this abuse of the emergency motion procedure may be calculated to put pressure on the bankruptcy estate to sell its rights under the sublease to the Movant, at a below market price.

VI. CONCLUSION

For all the foregoing reasons, the Trusee respectfully requests that:

a. The motion be denied,

b. That the Trustee be provided with the additional 60 days available under Section 365(d)(3) of the Bankruptcy Code, through and including June 29, 2021 to comply with his obligations under Section 365(d), and

c. That the Trustee be awarded sanctions against Movant and its counsel, in an amount to be proven by subsequent declaration, under Bankruptcy Rule 9013-9, for their abuse of the emergency motion procedure.

Date:  May 26, 2021

                                               KIRBY & McGUINN, A P.C.

                                               By:  /s/ Roberta S. Robinson
                                                       Roberta S. Robinson
                                                       Proposed Attorneys for Leonard J. Ackerman, Trustee

---

Trustee's Opp. To Creditor's Emergency Mtn. Under Section 365(d)(3)
Bankruptcy Case No. 21-01776-LT-7