Dean T. Kirby, Jr.    (SBN 090114)
Roberta S. Robinson (SBN 99035)
**KIRBY & McGUINN, A P.C.**
707 Broadway, Suite 1750
San Diego, California 92101
Telephone:  (619) 398-3358
Facsimile:   (619) 398-3359

Attorneys for Trustee, Leonard J. Ackerman

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HYPERIKON, INC.<br><br>               Debtor | Bankruptcy Case No. 21-01776-LT-7<br><br>RS No. JJB-1<br><br>**OPPOSITION TO EMERGENCY MOTION**<br><br><br>TRUSTEE, LEONARD J. ACKERMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SREIT 4820 INDIANPOLIS DRIVE, LLC EMERGENCY MOTION FOR RELIEF FROM STAY<br><br>Date: May 27, 2021<br>Time: 2:00pm<br>Dept.: 3<br>Judge: Taylor |

1

2

3

4

Leonard J. Ackerman, Trustee, hereby files the following Memorandum of Points and Authorities in Opposition to SREIT 4820 Indianapolis Drive, LLC's, (Movant's), emergency motion for relief from stay:

5

I.       INTRODUCTION

6

7

8

9

10

11

12

The Movant's motion is meritless, is not supported by evidence in many critical respects, and consitutes a blatant abuse of the emergency motion procedures. Accordingly, not only should the motion be denied, the Trustee should be awarded sanctions under Bankruptcy Local Rule 9013-9, in an amount to be proven up a later date, by motion.

13

14

15

16

II.      MOVANT HAS WHOLLY AND COMPLETELY FAILED TO ESTABLISH ANY EMERGENCY AND, ADDITIONALLY, THE PROPER VEHICLE FOR THE RELIEF SOUGHT IS AN ADVERSARY PROCEEDING, NOT AN EMERGENCY MOTION

17

18

19

20

21

22

There is no emergency here, and the Movant not only has failed to establish any emergency, it has presented as "fact", without evidence, things that are simply untrue and that were known, or should have been known, to Movant, very readily.

23

24

25

26

27

28

Movant devotes  just 8 lines to describing the "emergency" which, in total, amounts to the simple assertion that rent from the subtenant is due June 1, 2021. (Doc. 19-1, p. 11 ¶ 25 (sic)(the para. follows para. 33). That is it. That is the emergency. The petition was filed April 30, 2021. Movant has offered no evidence that that the Trustee has received any rent from the subtenant for the May 1st

subrent. In fact, The Trustee did not receive the May rent from the subtenant, as it was apparently paid to the Debtor, early and pre-petition. (See, Ackerman Dec., filed concurrently herewith, ¶ 3(h)]. The Trustee has not yet been able to trace funds to see if the rent was among the funds turned over to him by the Debtor's bank. [Ackerman Dec. ¶ 3(g)], but he certainly did not receive any post-petition rent from the subtenant.

The Debtor listed no secured creditors on its schedules, but Trustee's counsel has located several UCC Financing Statements, including one in favor of the US Small Business Administration[Ackerman Dec. ¶ 3(g)] . The Debtor listed the US Small Business Adminstration on its schedules as a disputed general unsecured creditor in an amount in excess of $400,000. The Trustee is in the process of determining if the financing statement is valid and, if valid, if it reaches any of the funds that the Trustee presently holds.

Counsel for the subtenant has informed counsel for the Trustee that he has instructed his client to reserve the sublease rent due June 1, 2021 and all subsequent rents, until the issues over the lease and sublease are resolved. [Ackerman Dec. ¶ 3(j)].

Trustee also is informed and believes that counsel for the Movant has been in contact with counsel for the subtenant. There is simply no emergency here. Even if the Trustee were receiving rent from the subtenant, there would still simply be no emergency. There is no allegation that the Trustee would dissipate those rentals. Even if, in fact, sublease rent were being paid to the Trustee, Movant has cited no

authority or case law showing that such circumstances would give rise to an "emergency" motion for relief from stay.

Additionally, and most importantly, Movant is only seeking relief from stay as an adjunct to declaratory relief and seeking relief from stay and adequate protection <u>in the alternative</u>. Movant's stated primary goal is to have the Court "confirming that the Debtor's right to receive rent from the Subtenant terminated pre-bankruptcy." (Doc. 19-1 ¶ 23). This is the stuff of adversary proceedings. Essentially, Movant is seeking declaratory relief with respect to the parties' rights under the lease and Consent to the Sublease with respect to the leased real property.

It is clear why the Movant is doing so. The stated monthly base rent under the master lease is apparently $46,360 (Doc. 19-2, p.41), while the minium montly base rent due under the sublease appears to be $64,600 ($775,200/12) (Doc. 19-2, p.84). The Movant wishes to claim that substantial positive rent differential for itself, all to the detriment of the bankruptcy estate and creditors.

But such declaratory relief can only be sought by way of an adversary proceeding. <u>See, e.g.</u> <u>In Re DBSI, Inc</u>, 432 B.R. 126 (Bkrptcy, D. Del. 2010), cited with approval by the Ninth Circuit Bankruptcy Appellate Panel in <u>In Re Aftandilian</u>, 2014 WL 1244789, *5 (noting that "bankruptcy court correctly ruled that [movant's] failure to bring his declaratory relief action as an adversary proceeding was a sufficient ground, by itself, to justify denial of the motion", and also citing <u>Bear v. Coben</u>, 820 F.2d 705, 711-12, (9th Cir. 1986 ) for the same proposition.

---

1

2     Clearly, the relief sought with respect to who has the right to collect rents from

3  the subtenant must be sought via Adversary Proceeding. Additionally, the

4  subtenant may be a necessary party to any such advesary proceeding. Movant does

5  not indicate that it even gave the subtenant notice of this emergency motion.

6     Movant's tactics in filing this motion on an emergency basis are particularly

7  disturbing because the initial Section 341(a) meeting has not yet been had and, as

8  such, the Trustee has no way of determing whether any of the factual assertions

9  made by the Movant as to the Debtor's purported failure to pay rent and breaches

10  under the lease are accurate, or what the actual state of affairs, pre-petition, was

11  between the parties as to notices, waivers, and discussions. The Trustee reserves all

12  rights to test the veracity of the factual allegations in both of Movant's emergency

13  motions.

14     Moreover, as noted below, there is also a real, material dispute here as to

15  whether or not the so-called termination notice was provided pre or post petition-

16  an issue that requires a full factual examination and legal analysis. his is not just a

17  question of the proper vehicle.

18

19     Trustee's counsel has been in contact with counsel for the subtenant and

20  anticipates that such counsel may attend the hearings in this matter on May 27th.

21

22

23  III.    THE MOTION, SUBSTANTIVELY, IS WITHOUT MERIT

24

25     The motion is without merit for a number of reasons.

26     First, the Movant requests that the Court determine that the Trustee's right to

27  receive rent from the subtenant terminated prebankruptcy. (Doc. 19-1,¶ 25). As

28

noted above, the Trustee respectfully submits that the dispute over whether or not such rights were terminated, must be addressed via advesary proceeding.

Moreover, as noted elsewhere, in the companion emergency motion filed by the Movant seeking relief under section 365, the Movant claims the lease has not expired. In the instant motion, Movant claims that the lease was terminated, pre-petition. Both statements cannot be true.

The Movant claims that it delivered a Notice of Default to the Debtor prior to the petition date. ( Doc. 19-2, ¶ 11, Ex. 5), and that the Debtor failed to timely cure the default. (Doc. 19-1, p. 7,¶¶ 26-28). However, the Notice of Default is dated April 26, 2021 and indicates that it was sent by overnight courier. (Doc. 19-2, p. 112). No proof of actual delivery has been proffered, no authority has been cited showing that service of the Notice of Default was proper under Indiana law. The Notice did not set out a cure period. The master lease does not seem to set one out either. The Movant does not establish or aver that the Notice was proper and in accordance with Indiana law and does not state what the cure period was or when it started to run. Only legal conclusions are offered in this regard by the Movant.

Additionally, just four days after the date of the Notice of Default, the Movant purportedly sent a Notice of Lease Termination. (Doc. 19-2, p. 124). Notably, Movant asserts that the Notice of Termination was sent prior to the filing of the bankruptcy petition. (Doc. 192, ¶ 14). This has not been established. The Notice of Termination is dated April 30, 2021 and says that it was "Sent Via Overnight Delivery". The bankruptcy petition was filed on April 30, 2021. Movant has not established that overnight delivery of such a notice is permissable under

Indiana law, or in compliance with the lease terms, (which do not appear to authorize email service), or that service of such notice is effective at the time it is mailed, or that a notice mailed the same day a bankruptcy petition is filed is otherwise effective and not a violation of the stay.[1] The Trustee's investigation is continuing in this regard. The Trustee also intends to investigate, if needed, whether there was any waiver of the notice by Movant. Given the "emergency" nature of these proceedings, the  Trustee has not been afforded time to investigate either the facts or the applicable Indiana law.

## IV.    AS TO THE ALTERNATIVE ADEQUATE PROTECTION RELIEF SOUGHT, THE MOTION IS WITHOUT MERIT

The alternative relief sought by the Movant- adequate protection, is not warranted.  The alternative relief sought is sometimes phrased by Movant as "a right to collect rent from the Subtenant" (Doc. 19-1, ¶ 25), which, as noted above, requires an adversary proceeding.  The alternative relief is also sometimes described by Movant as "adequate protection" (Doc. 19-1, ¶ 31). As noted above, these are two entirely different things- and adequate protection is already provided by the Subtenant's willingess to reserve all future rent payments.

The Trustee does not believe the lease was terminated. Some of the factual inaccuracies and evidentiary concerns in Movant's instant motion are highlighted

---

[1] Movant purportedly also sent a notice of termination via email, although this is not mentioned in the moving papers. Trustee believes that if a notice of termination was sent by email, it was not effective, for a variety of reasons. The Trustee's investigation is continuing in this regard.

---

Trustee's Opp. To Creditor's Emergency Mtn. For Relief from Stay
Bankruptcy Case No. 21-01776-LT-7
RS No. JJB-1

in these papers. Some of the factual inaccuracies in the 365 motion  are highlighted in the Trustee's response to that motion, filed concurrently herewith.

As noted in the opposition to the motion under Section 365, Movant is more than adequately protected between the security deposit and the Subtenant's willingness to reserve future rents.

In the interests of judicial economy, the Trustee'opposition to each motion are incorporated in the other opposition by reference.

## V.    TRUSTEE IS ENTITLED TO SANCTIONS AGAINST MOVANT UNDER LOCAL BANKRUPTCY RULE 9013-9

The Trustee is entitled to sanctions from Movant under Bankruptcy Local 9013-9. Bankruptcy Local Rule 9013-9(i) is entitled "Emergency Motions" and subsecion (i) provides, in full, as follows:

"(i) Sanctions: If sanctions are appropriate based on improper use of the emergency motion procedure, sanctions may be awarded regardless of the ultimate determination of the merits if later heard as a fully noticed matter."

For all the reasons cited set out above, sanctions should be awarded to the Trustee, to be determined by motion or declaration at a later date. Trustee suspects that this abuse of the emergency motion procedure may be calculated to put pressure on the bankruptcy estate to sell its rights under the sublease to the Movant, at a below market price. Not only did the Movant seek to incorrectly re is clearly no pressing emergency.obtain declaratory relief under the guise of a relief

from stay motion, but it sought to do so on an emergency basis, when there is clearly no pressing emergency.

VI.   CONCLUSION

For all the foregoing reasons, the Trusee respectfully requests that:

a.  The motion be denied,

b.  That the Trustee be provided with the additional 60 days available under Section 365(d)(3) of the Bankruptcy Code, through and including June 29, 2021 to comply with his obligations under Section 365(d), and

c.  That the Trustee be awarded sanctions against Movant and its counsel, in an amount to be proven by subsequent declaration, under Bankruptcy Rule 9013-9, for their abuse of the emergency motion procedure.

Date:  May 27, 2021

KIRBY & McGUINN, A P.C.

By: _/s/ Roberta S. Robinson__
        Roberta S. Robinson
        Proposed Attorneys for Leonard J.
        Ackerman, Trustee