Dean T. Kirby, Jr.    (SBN 090114)
Roberta S. Robinson (SBN 99035)
**KIRBY & McGUINN, A P.C.**
707 Broadway, Suite 1750
San Diego, California 92101
Telephone:  (619) 398-3358
Facsimile:  (619) 398-3359

Attorneys for Trustee, Leonard J. Ackerman

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

In re

HYPERIKON, INC.

             Debtor

Bankruptcy Case No. 21-01776-LT-7/
RS No. JJB-1

**OPPOSITION TO EMERGENCY
MOTION**

DECLARATION OF TRUSTEE,
LEONARD J. ACKERMAN, IN
OPPOSITION TO SREIT 4820
INDIANAPOLIS DRIVE, LLC'S
EMERGENCY MOTION FOR RELIEF
FROM STAY
Date: May 27, 2021
Time: 2:00pm
Dept.: 3
Judge: Taylor

    I, Leonard J. Ackerman, declare:

    1.  I am the Chapter 7 Trustee in the above-entitled matter. The following is true of my own personal knowledge, and if called as witness, I could and would testify competently thereto.

2.  The bankruptcy petition was filed on April 30, 2021. The initial Section 341(a) meeting is scheduled for June 3, 2021. Accordingly, I have not yet had an opportunity to question the Debtor under oath, as to the various aspects of the business.

3.  This is a complex bankruptcy case and the Debtor's schedules, to date, appear to be woefully inaccurate or incomplete in many respects. In the approximately three weeks since the petition was filed, I have discovered all of the following:

a)  On its Summary of Schedules, the Debtor lists assets, consisting entirely of personal property of over **8 million dollars**. I have not yet determined the true value of this property, however, I have determined that the Debtor's activities are far flung, with its major business activity apparently consisting of sales of lighting accessories on Amazon, with goods stored in fulfillment centers, believed to be located throughout the country, some waiting to be delivered, and some stored in facilities controlled by third parties and some, apparently, controlled by Amazon itself.

b)  One of the warehouses, which apparently housed a large portion of inventory, was located in Indianapolis, with no security system, and the Debtor informed me that the key was located under the stairs. I had to arrange to have an inventory taken in Indiana and have the locks changed. I am also in the process of dealing with a possible theft at that location and dealing with law enforcement in Indiana.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

c) Additionally, I am informed and believe, based on documents supplied by the Debtor, that the Debtor has done business and owes sales tax in Canada, and has or had a sales office in Tijuana, Mexico. There is also a purported priority Customs Claim, in an amount in excess of $1,000,000.00 apparently held by the Department of Homeland Security, that required attention by myself and my counsel to determine if it was secured. (Doc. 1, p.17).

d) Finally, I learned of another potential asset that was not listed on the schedules, when I was contacted by the United States Attorney's Office Victim-Witness Coordinator for assistance in obtaining a Victim's Impact Statement from the Debtor, for the potential benefit of the bankruptcy estate, via a possible future restitution order. Apparently, the Debtor's former bookkeeper had been indicted for wire fraud, among other things, for allegedly embezzling more than $175,000 from the Debtor

e) The Debtor did not turn over a single dime to me on the petition date. I made demands to several banks for the turnover of funds on deposit. On May 12, 2021, almost two weeks after the petition was filed, I received a check for $80,251.83 from City National Bank. These were the first and only funds I received in connection with this Bankruptcy Case prior to the date Movant filed its emergency motions. After the emergency motions were filed, I did pick up additional checks from my Post Office Box in connection with this matter, including a check for

Trustee's Dec. in Opp. To Creditor's Emergency Mtn For Relief from Stay

$471,978.55 from Pacific Mercantile. However, for the reasons noted in the following paragraphs, I am not currently able to spend any of these funds.

f)   As noted above, the Section 341(a) has not yet been held. According to the Debtor's schedules, the Debtor does not have a single secured creditor. (Doc.1. p. 16). The Debtor did list the U.S. Small Business Administration as a general unsecured creditor in the amount of $451,027.00 with respect to a PPP Loan. (Doc. 1, p. 23).

g)   However, a Uniform Commercial Code Financing Statement Search run by my counsel, on May 21, 2021, turned up a UCC Financing Statement filed by SBA on May 17, 2020. A copy of that Financing Statement is attached hereto as Exhbit 1. Despite repeated email and voice mail requests from my counsel, Debtor's counsel has not provided any information with respect to either this UCC Financing Statement or other financing statements that she located. In fact, it was not until after the emergency motions were filed, that Debtor's counsel responded at all, and indicated that he had no information because he had not heard from his client. Accordingly, I have not been able to determine whether the SBA Financing Statement, (or any of the other financing statements my counsel located), are valid. Nor have I yet been able to trace any of the funds I now have on hand. Unless and until these issues are resolved, none of the funds on hand are available to pay any administrative expense- rent or otherwise- as they might be subject to a security interest.

---

Trustee's Dec. in Opp. To Creditor's Emergency Mtn For Relief from Stay

h) I have NOT received a single rent payment from HomeGoods since the filing of the bankruptcy petition. I am informed and believe that HomeGoods may have transferred the sublease rent that would have been due to the Debtor on May 1, 2021, electronically, early, and prior to the filing of the bankruptcy petition, but have not yet been able to trace any funds.

i) If it is determined that all or most of the inventory and/or intellectual property is subject to a  valid security interest and/or that other hard assets may also be subject to other security interests, then it may be that the only asset of the estate that I may be able to successfully monetize, (unless, of course, there are avoidance claims), may be the HomeGoods sublease, which, as the Movant notes, is sublet at a substantially higher base monthly rental than the main lease.

j)  I am further informed and believe that Home Goods is waiting for direction from the Court with respect to any future rentals and, in the interim, that Counsel for Home Goods has informed my counsel that he instructed his client to reserve any rents due under the sublease beginning with the June 1, 2021 rent.  I would be happy to provide information as to that reserve when it becomes available to me. I have not consented to the reserve format or waived any rights in that regard, but am just informing the Court of my understanding of HomeGoods' position.

4.  I need the additional time which may be available under Section 365(d)(5), to determine if the rent which apparently had been paid pre-petition

to the  Debtor for the sublease is available for my use or subject to a security

interest, and to determine if the estate is solvent or may be administratively

insolvent. With respect to all future rents, counsel for the subtenant indicates

that the June rent, and all further rent would be reserved. The sublease rent is

substantialy more than the rent owing to Movant under the master lease.

Accordingly, no harm whatsoever, will befall the Movant if the time is

extended, as permitted by the Bankruptcy Code, to June 29, 2021.

5.  To summarize-

a) I have not received any rents from the subtenant, who apparently paid the

sublease rent due May 1, 2021 to the Debtor, pre-petition,

b) It is my understanding that the Subtenant intends to reserve the June sublease

rent and all future rents, until the issues surrounding the lease dispute are

resolved,

c) I need the additional time available under section 365(d)(3) through June 29,

2021 to determine if any of the funds that I have on hand are subject to a

security interest and to determine the veracity of Movant's allegations.

d) I am entitled to sanctions against Movant and its counsel for abuse of the

emergency motion procedures.

   I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct. Executed on May  26 , 2021 at

San Diego,California.

_____

Leonard J. Ackerman, Trustee

---

Trustee's Dec. in Opp. To Creditor's Emergency Mtn For Relief from Stay

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|
| Corporation Service Company |
| 800-858-5294 |

| B. E-MAIL CONTACT AT FILER (optional) |
|---|
| |

| C. SEND ACKNOWLEDGMENT TO: (Name and Address) |
|---|
| CORPORATION SERVICE COMPANY |
| 801 ADLAI STEVENSON DRIVE |
| Springfield, IL 62703-4261 |
| USA |

**DOCUMENT NUMBER:** 88814170002
**FILING NUMBER:** 20-7778762076
**FILING DATE:** 05/17/2020 09:30

**IMAGE GENERATED ELECTRONICALLY FOR XML FILING**
**THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY**

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | Hyperikon, Inc. | | | | |
| | 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 707 BROADWAY STE 800 | SAN DIEGO | CA | 92101 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | | | | | |
| | 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | U.S. Small Business Administration | | | | |
| | 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 10737 Gateway West, #300 | El Paso | TX | 79935 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:

All tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto.EXEMPT Per California Government Code Section 6103 PLEASE EXPEDITE 437518 7410

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions)    ☐ being administered by a Decedent's Personal Representative

| 6a. Check only if applicable and check only one box: | 6b. Check only if applicable and check only one box: |
|---|---|
| ☐ Public-Finance Transaction    ☐ Manufactured-Home Transaction    ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien    ☐ Non-UCC Filing |

**7. ALTERNATIVE DESIGNATION** (if applicable):    ☐ Lessee/Lessor    ☐ Consignee/Consignor    ☐ Seller/Buyer    ☐ Bailee/Bailor    ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
[182250012]

FILING OFFICE COPY

Exhibit 1 Page 1 of 1