Dean T. Kirby, Jr.    (SBN 090114)
Roberta S. Robinson (SBN 99035)
**KIRBY & McGUINN, A P.C.**
707 Broadway, Suite 1750
San Diego, California 92101
Telephone:  (619) 398-3358
Facsimile:   (619) 398-3359

Attorneys for Trustee, Leonard J. Ackerman

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE THIER NAMES AND CONTRACTS IN THE LISTED MOTION**

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>HYPERIKON, INC.<br><br>                    Debtor | Bankruptcy Case No. 21-01776-LT-7<br><br>TRUSTEE'S MOTION AND MEMORANDUM OF POINT AND AUTHORITES IN SUPPORT OF MOTION FOR AN ORDER:<br>   1) AUTHORIZING REJECTION OF CERTAIN UNEXPIRED NONRESIDENTIAL LEASES AND SUBLEASES, AND<br>   2) ABANDONING CERTAIN PERSONAL PROPERTY OF NEGLIGIBLE VALUE OR BURDENSOME TO THE BANKRUPTCY ESTATE<br>[OMNIBUS MOTION NO. 1]<br><br>Date: August 4, 2021<br>Time: 2:00 p.m.<br>Dept: 3/ Room 129<br>Judge: Laura Taylor |

Leonard J. Ackerman, the duly appointed Chapter 7 Trustee in the above-entitled matter, hereby moves the Court for an order authorizing the rejection of

---

Trustee's   Mem. P & A Re Rejection of Certain Leases    Bankruptcy Case No. 21-01776-LT-7

the certain unexpired leases and subleases, effective as of the dates requested below, and abandoning certain personal property, and files the following Memorandum of Points and Authorities in Support of his Motion:

Leases to be Rejected:

   A. <u>Real Property Non-Residential Leases And Subleases</u>

1. With respect to the property commonly known as **4850 Indianapolis Road**, Whitestone, Indiana:

   a) Lease between Indiana Becknell Investors 2011, LLC, as lessor, on the one hand, and the Debtor, as lessee, on the other hand, dated August 1, 2017, (Exhibit A), and which apparently assigned, via an Assignment and Assumption of Leases to **SREIT 4820 Indianapolis Drive, LLC,** (Exhbit B),

   b) Sublease between the Debtor, as sublessor, on the one hand, and **HomeGoods, Inc.,** as sublessee on the other hand, dated November 2, 2020, (Exhibit C).

2. With respect to the property commonly known as **8515 Miramar Place**, San Diego, California:

   a) Air Commercial Real Estate Associaton Standard Industrial/Commercial Multi-Tenant Lease-Net, dated August 12, 2016 between **MGM Partnership**, as Lessor, on the one hand, and the Debtor, Lessee, on the other hand, (Exhbit D), and

b) AIRCR Standard Sublease between the Debtor, as Sublessor, on the one hand, and **Crest Beverage, LLC**, on the other hand, (Exhibit E)

Copies of the above referenced exhbits are attached as Exhibits A to E, respectively, to the Declaration of Leonard J. Ackerman, Trustee, ("Ackerman Declaration"), filed in support of this motion.

I. INTRODUCTION

According to the Debtor's schedules, the Debtor is the lessee at two different warehouse locations, (nonresidential real property), - one in Indiana and one in San Diego. The warehouse location in Indiana is commonly known as 4850 S. Indianapolis Road, Whitestone, Indiana. The warehouse location in San Diego is commonly known as 8515 Miramar Place. The Debtor has, in turn, sublet each of these warehouses to a third party- in each case for an amount over and above the base rent under the master lease. The Debtor is, itself, a sublessee for a third warehouse located on West 81st Street in Indianapolis, Indiana. This motion does not address the W. 81st Street location.

The bankruptcy petition was filed on April 30, 2021. (Doc. 1). The Debtor's subtenant at the 4850 S. Indianapolis Road property, Home Goods, Inc., apparently paid the sublease rent that would have been due May 1, 2021, early and pre-petition, and the Debtor apparently commingled those funds with its other funds.

After the filing of the petition, the landlord for the 4850 S. Indianapolis Drive property filed an emergency motion to compel the payment of post- petition administrative rent. (Docs. 18 and 23).

Trustee's   Mem. P & A Re Rejection of Certain Leases   Bankruptcy Case No. 21-01776-LT-7

On June 7, 2021, the Bankruptcy Court entered an order requiring the Debtor's subtenant, Home Goods, Inc., to pay the rent that would be due under the sublease on June 1, 2021, directly to the Landlord's counsel, who was authorized to disburse the monies owing to his client for the June rent, including both base rent and additional rent, and hold any additional sums in his Client Trust Account, pending further order of the Court. (Doc. 39).

On June 1, 2021, counsel for the Landlord informed the Trustee's counsel that once he received the June 1, 2021 sublease rent from the subtenant, he would disburse $57,369.98 to his client, and retain the balance in his Client Trust Account. The Trustee understands that the landlord's counsel did, indeed, receive the June 1, 2021 rent and proceed to disburse funds accordingly.

By order entered on June 16, 2021, (Doc. 56), the Bankruptcy Court extended the provisions of the June 7, 2021 order as to the June rent, to the rent due under the sublease for July and August 2021.

II.  RELIEF REQUESTED

Section 365(a) of the Bankruptcy Code provides, in full, as follows:

> "Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

Section 554 (a) of the Bankruptcy Code provides, in full, as follows:

Trustee's   Mem. P & A Re Rejection of Certain Leases     Bankruptcy Case No. 21-01776-LT-7

> "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

By this motion, the Trustee seeks to reject both the leases and the subleases for both the Miramar Place location and the S. Indianapolis Road cation.

By this motion, the Trustee also seeks to abandon certain personal property located at the S. Indianapolis Road location.

The leases and subleases are more specifically described in Attachment A to the Notice of this motion, and the personal property to be abandoned is more specifically described in Attachment B to the Notice of this motion. The leases and subleases, themselves, are attached as Exhibits A through E to the Declaration of Leonard Ackerman, Trustee, filed in support of this motion. ("Ackerman Declaration").

III. THE RELIEF REQUESTED IS IN THE BEST INTEREST OF CREDITORS

For all the reasons set out below, the motion should be granted. The touchstone governing the assumption or rejection of leases and executory contracts is the "business judgment" test, See, e.g., Mission Product Holdings, Inc. v. Tempnology, LLC 139 U.S. 1652, 1658 (2019). The business judgment test affords deference, (id.), to the decision of the trustee. For all the reasons set out in the Ackerman Declaration, the Trustee, in his business judgment, has determined that assumption of the leases and the subleases, which are the subject of this motion,

are not in the best interests of the bankruptcy estate. Accordingly, the Trustee submits that the motion should be granted.

### A. The Lease and Sublease for the S. Indianapolis Road Property Should Be Rejected

The Trustee would have to assume the master lease for the S. Indianapolis property in order to assume and perform under the sublease or provide adequate assurance of future performance. As set out in paragraphs 1-11 of the Ackerman Declaration, the cost to the bankruptcy estate to assume the master lease exceeds the income that the bankruptcy estate would expect to receive under the sublease, especially when one considers that the bankruptcy estate likely would have to return the $129,200 security deposit to the subtenant, upon expiration of the sublease term. The Debtor has indicated that it commingled the security deposit with other funds upon receipt.

Accordingly, because the bankruptcy estate is highly unlikely to realize any economic benefit whatsoever from the assumption of the lease or sublease and, in fact, is likely to incur additional administrative debt, the Trustee requests approval to reject both the lease and sublease.

The Trustee requests that the rejection be deemed effective as of the date of the filing of the petition, or, if not, no later than June 1, 2021, or at the very latest, the date of the filing of this motion.  The Ninth Circuit Court of Appeals has held the court has the equitable power to order a rejection to operate retroactively. (cert. den. 56 U.S. 814 (2005) In Re At Home Corporation, 392 F.3d

1064, 1072 (9th Cir. 2004) (finding that rejection of unexpired non-residential lease to motion filing date was not an abuse of discretion).

The Trustee submits that, in light of the Bankruptcy Court's order providing for the subtenant to pay the rent due under the sublease directly to counsel for the landlord, it is equitable and appropriate that the lease rejection of both the lease and sublease be effective no later than June 1, 2021, so that the bankruptcy estate's liability for administrative rent, if any, ends as of May 31, 2021. The Trustee submits that any such administrative claim would likely be offset by rents paid by the subtenant.

B. The Lease and Sublease for the Miramar Place Property Should Be Rejected

As with the S. Indianapolis lease, the Trustee would have to assume the master lease for the Miramar Place property in order to assume and perform under the sublease. As set out in paragraphs 12-20 of the Ackerman Declaration, the cost to the bankruptcy estate to assume the master lease also exceeds the income that the estate would anticipate receiving under the sublease, especially when one considers that the bankruptcy estate would have to return the $64,388.72 security deposit to the subtenant, upon expiration of the sublease term. As with the Indianapolis Road lease, assumption of the lease would simply result in administrative expense to the estate, and likely generate no economic benefit.

/

### C. It is in the Best Interest of Creditors to Abandon the Personal Property Located at the S. Indianapolis Road Location

As set out in paragraph 11 of the Ackerman Declaration, the Trustee, based on the information currently available to him, believes that the property listed on Schedule B to the HomeGoods sublease is either of nominal value or burdensome to the estate and therefore seeks to abandon all such items.

The Trustee reserves the right to withdraw this part of the motion if additional information becomes available before the hearing on the motion that warrants a change in his position.

IV.   CONCLUSION

For all the foregoing reasons, the Trustee respectfully requests that his motion be granted and the leases and subleases described above, be deemed rejected by the Trustee under Section 365(a) of the Bankruptcy Code, at the latest, as of the date of the filing of this motion but, preferably, as of the filing of the petition.

For all the reasons set out above, the personal property set out on Attachment B to the Notice of Motion, located at the S. Indianapolis Drive location, should be abandoned.

/

/

/

/

Trustee's   Mem. P & A Re Rejection of Certain Leases    Bankruptcy Case No. 21-01776-LT-7

Finally, the Trustee requests that the 14 day stay period set out in Federal Rule of Bankruptcy Procedure 6004(h), if and to the extent it may be applicable, be waived.

Date: June 23, 2021               KIRBY & McGUINN, A P.C.

                                  By: /s/ Roberta S. Robinson
                                      Roberta S. Robinson, Attorneys
                                      for Leonard J. Ackerman,
                                      Trustee

Alphabetical listing of parties per FRBP 6006:
1. Crest Beverage, LLC-Sublease-Ex. E to Ackerman Declaration
2. HomeGoods, Inc.-Sublease-Exhibit C to Ackerman Declaration
3. MGM Partnership- Lease- Ex. D to Ackerman Declaration
4. SREIT 4820 Indianapolis Drive LLC- Lease- Exhibit A to Ackerman Declaration

Trustee's   Mem. P & A Re Rejection of Certain Leases     Bankruptcy Case No. 21-01776-LT-7